LAFAYETTE GERALDS *v.* WILLIAM H. CHAMPLIN.

*Cooper, Hall & Grimes (Mr. Cooper* orally), for the plaintiff.

*Hughes & Burns* and *Walter A. Calderwood (Mr. Calderwood* orally), for the defendant.

MARBLE, C. J.   During the year 1942 the defendant was "doing work incident to the war," and because of that fact he increased the regular hours of labor for his employees from forty-five to fifty hours a week.   There were some weeks, however, in which the plaintiff and certain of the other operatives did not work the required length of time.   In each of these instances an investigation was made to ascertain the reason for the absence of the particular workman.

Concerning the plaintiff's employment record, the general manager of the defendant's plant testified: "It was reported to me that he [the plaintiff] was unable to work a full week of fifty hours.   He

would have trouble with his legs and feet. . . . Report was always the same, he was unable to stand the strain of the fifty hours a week. . . . He had trouble with his legs." This testimony was introduced without objection or exception.

After the conclusion of the general manager's testimony, the superintendent was called to the stand. He stated that in the course of his duties he had had "occasion to check up to find out" why the plaintiff "did not work regularly." On proof of the death of Myron Bolian, a foreman of whom he had made inquiry, he was permitted to testify, subject to the plaintiff's exception, that Bolian had reported to him in the regular course of business that the plaintiff's feet and legs bothered him and for that reason "he was not able to put in a fifty-hour week," and that this information came "from Mr. Geralds through Mr. Bolian."

The contention that the foreman's report was inadmissible because the fact reported was not within the foreman's personal knowledge is untenable. The fact reported was not literally the fact that the plaintiff's feet and legs bothered him but rather the fact that he so stated to the foreman as the reason for his absence. The foreman, if living, could have testified directly to this admission on the plaintiff's part. See *Lebrun* v. *Railroad*, 83 N. H. 293, 301. See, also, *Roberts* v. *Company*, 78 N. H. 491, 493, 495.

The further contention that the report was a casual or isolated one is met by the evidence that the system of "checkups" and reports was inaugurated "as far back as December, 1940." The mere fact that the report in this particular instance happened to be made to the superintendent rather than to the general manager does not mean that it could not be found on all the evidence to have been made in the regular course of business.

In short, there was sufficient evidence to sustain the preliminary findings of fact on which the admissibility of Bolian's report depended. See *Wheeler* v. *Walker*, 45 N. H. 355, 360; *Lebrun* v. *Railroad*, 83 N. H. 293, 300; *Williams* v. *Williams*, 87 N. H. 430, 432. Facts of this character need not be expressly found but will be implied from the ruling of the Court admitting the hearsay statement. *State* v. *Peters*, 90 N. H. 438, 439, 440. See Am. Law Inst., Model Code of Evidence, *p.* 273.

The essential question presented by the plaintiff's exception is whether a report made in the regular course of business by a foreman since deceased to his superintendent, which would have been admissible if written, is inadmissible because stated orally. "That

the statement . . . must be a *written* statement has been generally assumed in the United States in the judicial phrasings of the rule. In England, however, it seems to be settled that an oral statement is equally admissible." Wig., Ev. (3d *ed.*), *s.* 1528, citing *Sussex Peerage Case*, 11 Cl. & F. 85, 113; *Reg.* v. *Buckley*, 13 Cox Cr. 293.

But statements of this kind, whether written or oral, in order to be admissible under the English rule, must have been made in the discharge of a duty imposed upon the declarant "by some superior authority" (Chamb., Ev., *ss.* 2873, 2876), whereas, under the rule generally prevailing in this country as to written statements, no such limitation obtains (*Lebrun* v. *Railroad*, 83 N. H. 293, 300, 301, and authorities cited; *Roberts* v. *Company*, 78 N. H. 491, 496). Where, however, "the element of duty (as required in England) does in fact exist," as, for example, "in the actual conduct of business by subordinates in mercantile or industrial houses," Wigmore deems the case to be "a proper one for the adoption of the broader English rule admitting oral statements." Wig., Ev. (3d *ed.*), *s.* 1528.

Chamberlayne discusses the subject, in part, as follows: "The form of statement is important on the question of weight rather than on that of admissibility where the other conditions exist for receiving the evidence. . . . The admissibility of the oral declaration . . . is well established in England. The application of the rule to oral statements is not, however, frequently referred to in the American cases; though there is no apparent reason for making any distinction between oral and written statements in this connection. In mercantile and business houses oral reports are regularly made and a duty undoubtedly exists for making them and with correctness. No element of trustworthiness is, therefore, lacking." Chamb., Ev., *s.* 2897.

In the case of *Fennerstein's Champagne*, 3 Wall. 145, 149 (referred to by both Wigmore and Chamberlayne), Mr. Justice *Swayne* declares: "We think the letters in question in this case were properly admitted. . . . The rule rests upon the consideration that the entry, other writing, or parol declaration of the author, was within his ordinary business."

The case of *Williams* v. *Company*, 9 Hous. (Del.) 322, so far as it concerns the admissibility of an oral report, closely resembles the present case on its facts. In that case, which was an action brought by an administratrix to recover for the death of her husband, alleged to have been caused by the unsafe condition of the defendant's premises, an oral report made in the regular course of business by a

160

deceased foreman to the superintendent of the defendant's plant was held to be admissible. The case is reviewed in 9 Harv. Law Rev. 288, and is cited with apparent approval in *Terry v. Company*, 33 Del. 497, 503, note.

Questions concerning the weight of evidence are usually for the jury or other triers of fact, and, apart from statute, no distinction, so far as admissibility is concerned, is ordinarily drawn between evidence that is oral and that which is in written form. A "liberal rule in regard to the admissibility of entries made in the regular course of business prevails in this jurisdiction" (*Williams* v. *Williams*, 87 N. H. 430, 431, citing *St. Louis* v. *Railroad*, 83 N. H. 538; *State* v. *Roach*, 82 N. H. 189, 192; *Roberts* v. *Company*, 78 N. H. 491), and, in our opinion, the Presiding Justice in holding admissible the evidence excepted to merely sanctioned a logical extension of this liberal rule.

*Exception overruled.*

All concurred.